**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 01 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KENNETH NOGLE,

      Plaintiff - Appellant,

v.

BEECH STREET CORPORATION,

      Defendant - Appellee.

No. 13-15635

D.C. No. 2:10-cv-01092-KJD

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, Senior District Judge, Presiding

Argued and Submitted August 12, 2015
San Francisco, California

Before: KOZINSKI and TALLMAN, Circuit Judges and RAYES,[**] District Judge.

The district court properly found no genuine issue of material fact

concerning whether plaintiff Kenneth Nogle's complaint against defendant Beech

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable Douglas L. Rayes, United States District Judge for the District of Arizona, sitting by designation.

Street Corporation ("Beech Street") was barred by the two-year statute of limitations applicable to negligence actions in Nevada. *See Nev. Power Co. v. Monsanto Co.*, 955 F.2d 1304, 1306–07 (9th Cir. 1992); Nev. Rev. Stat. § 11.190(4)(e). Under Nevada's discovery rule, the statute of limitations is tolled until the injured party discovers or reasonably should have discovered facts giving rise to his cause of action. *Peterson v. Bruen*, 792 P.2d 18, 20 (Nev. 1990).

The district court properly found that Nogle had sufficient information available to him in March 2008 to investigate and identify Beech Street as a potential defendant. Specifically, Nogle should have discovered Beech Street's role in assuring the quality of the endoscopy provider by pursuing leads from information contained in at least three documents: 1) the pre-approval letter from November 6, 2006, 2) the 2007 Summary Plan Description, and 3) the insurance card. Accordingly, Nogle's September 8, 2010 complaint against Beech Street was untimely because it was filed more than two years after he reasonably should have known that he had a cause of action against Beech Street.

**AFFIRMED**.